IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,011-01






EX PARTE BILLY BANDRATE TAYLOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 002CR00226-HC IN THE 102ND JUDICIAL DISTRICT COURT


FROM RED RIVER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Sixth Court of Appeals affirmed his conviction. Taylor v.
State, No. 06-03-00166-CR (Tex. App. - Texarkana, October 13, 2004, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel was aware that threats had been made against witnesses, but failed to take steps to insure that
the witnesses felt safe to testify truthfully. Applicant also alleges that counsel failed to call a number
of available witnesses at both the guilt/ innocence and punishment phases of trial.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel investigated and interviewed
potential witnesses prior to trial, and specifically, whether counsel interviewed Jalicia Taylor, Lillian
McCarty, Marlin Taylor, Virginia Knight, Hattie May Taylor, or Tammi Frazier. If counsel did
interview any or all of these individuals, the trial court shall make findings as to whether counsel
believed that they would provide favorable testimony for the defense, and if so, why they were not
called to testify. The trial court shall make findings as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 16, 2010

Do not publish